IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KATRINA ROSANNE WEAR,

               Plaintiff,                                Case No. 3:12-cv-02025-SU

               v.                            FINDINGS AND RECOMMENDATION

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

SULLIVAN, Magistrate Judge:

        Plaintiff Katrina Wear brings this action pursuant to the Social Security Act (the "Act"), 42

U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security

(the "Commissioner"). The Commissioner denied plaintiff's applications for Supplemental Security

Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. For

the reasons set forth below, the Commissioner's decision should be reversed and remanded for

additional proceedings.

1 - FINDINGS AND RECOMMENDATION

*PROCEDURAL BACKGROUND*

In November 2004, plaintiff protectively filed applications for SSI and DIB following a bicycle accident in which she was struck by a car. Tr. 150, 591-94. In September 2009, an administrative law judge ("ALJ") determined plaintiff became disabled from the period beginning May 1, 2003, and ending September 28, 2006. Tr. 161. Accordingly, plaintiff was awarded benefits from May 1, 2003, through September 28, 2006. *Id.*

On August 25 and October 9, 2009, plaintiff protectively filed new applications for DIB and SSI, respectively. Tr. 22, 220, 224, 244. Her applications were denied initially and upon reconsideration, and she requested a hearing. Tr. 168-71, 173, 180-82. On June 29, 2011, a hearing was held before an ALJ. Tr. 41. Plaintiff, represented by counsel, a medical expert, plaintiff's daughter Natasha Young, and a vocational expert ("VE") testified at the hearing. Tr. 41-143. On July 11, 2011, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 22-34. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of that decision.

*FACTUAL BACKGROUND*

Born on January 29, 1970, plaintiff was 41 years old at the time of the hearing before the ALJ. Tr. 45. Plaintiff completed the tenth grade, speaks English, attained her GED in 1994, and obtained a CNA license in 1996. Tr. 94, 693. She served in the United States Air Force and was most recently employed as pre-loader for UPS. Tr. 45, 52, 245. She also has past relevant work as a newspaper deliverer, caregiver, cashier, car detailer, and groundskeeper. Tr. 245. Plaintiff's impairments include a complex fracture of her lower leg, chronic pain, nerve damage, personality disorder, and posttraumatic stress disorder ("PTSD"), with an amended onset date of September 29,

2006.  Tr. 22, 44, 220, 224, 244.  The ALJ also found plaintiff suffers from migraine headaches, depression, anxiety and substance abuse. Tr. 24.

*STANDARD OF REVIEW*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions."  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

3 - FINDINGS AND RECOMMENDATION

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairments, has the residual functional capacity ("RFC") to perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

*THE ALJ'S FINDINGS*

At step one of the sequential evaluation process outlined above, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged amended onset date. Tr. 24. At step two, the ALJ determined plaintiff had the following severe impairments: fracture of the lower limb, migraine headaches, psychotic disorder, depression, anxiety, personality disorder, methamphetamine abuse, alcohol abuse, and marijuana abuse. *Id.* At step three, the ALJ found plaintiff's impairments,

4 - FINDINGS AND RECOMMENDATION

either singly or in combination, did not meet or equal the requirements of a listed impairment.  Tr. 25.

Next, the ALJ determined plaintiff had the RFC to perform light work with the following limitations:  she could perform only simple, entry level work, with only occasional coworker interaction and no public interaction; she could stand and walk for no more than four hours each day; she must avoid hazards and unprotected heights; and she may only occasionally climb, kneel, crouch, and crawl.  Tr. 26.

At step four, the ALJ found plaintiff could not perform any of her past relevant work.  Tr. 32.  At step five, the ALJ determined plaintiff retained the ability to perform work as a small products assembler, and the ALJ therefore concluded she was not disabled within the meaning of the Act.  Tr. 33.

## DISCUSSION

Plaintiff alleges the ALJ erred by failing to include and improperly evaluating medical evidence in determining plaintiff's RFC.  The court agrees and recommends the case be reversed and remanded for additional proceedings.

Plaintiff contends the ALJ omitted the effects of specific medical diagnoses[1] in his opinion, specifically in determining plaintiff's RFC.  Pl.'s Opening Br. 20.   Plaintiff argues the RFC assessment as created by the ALJ was not based on all the relevant evidence in the record.  She

---

[1]There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31).  However, if a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Id.*  In either instance, the ALJ is not required to accept an opinion that is brief, conclusory, or not supported by clinical findings.  *Id.* (citation omitted).

5 - FINDINGS AND RECOMMENDATION

contends the RFC should have reflected that she has "[a] limited ability to carry out certain mental activities . . . and in responding appropriately to supervision . . . ." 20 C.F.R. § 404.1545(c).

Plaintiff argues the ALJ erred in failing to incorporate the limitations articulated by examining clinical psychologist Margaret Moore, Ph.D, in plaintiff's RFC. Despite giving Dr. Moore's opinion great weight, the ALJ ignored a significant part of her opinion in plaintiff's RFC. Dr. Moore testified she reviewed the medical evidence in the record and the consensus of treating providers was plaintiff had some form of depression, as well as personality disorder (antisocial) and frequent significant marijuana use.[2] Tr. 76. In assessing the "paragraph B" criteria, Dr. Moore described plaintiff as "chronically dysfunctional" with marked limitations in responding to authority figures.[3] *Id.*

Defendant argues Dr. Moore's opinion should not be considered with regard to plaintiff's RFC, but only in evaluating whether plaintiff meets the criteria for disability at step three of the five-step process. The Section 12.01 Category of Impairments - Mental, paragraph B criteria regarding mental disorders are relevant at step three. However, "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing the various functions contained in the broad categories found in paragraphs B and C of the adult mental

---

[2]In its responding Brief, defendant argues the ALJ did not err in his treatment of Dr. Colvin's opinion, Dr. Guastadisegui's opinion and in the lay opinion of Mr. Grove. It is unnecessary to discuss these arguments as they were not specifically raised as error by plaintiff. The doctors' opinions were considered by Dr. Moore in her assessment of plaintiff and in the ALJ's opinion. Mr. Grove's opinion was given great weight by the ALJ. Plaintiff's only assignment of error is the ALJ's failure to properly include plaintiff's limitations regarding supervision in the RFC.

[3]The ALJ concluded and defendant argues that because plaintiff could get along with her doctors and other medical providers, she can get along with "authority" figures. However, not all authority figures are the same and the record reflects plaintiff's difficulties are with supervisors as Dr. Moore's testimony confirms. Tr. 76.

disorder listings." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4. Plaintiff argues the ALJ erred because he did not incorporate into the RFC plaintiff's specific limitations with respect to supervision. Pl.'s Opening Br. 23. The court agrees. Here, the ALJ considered the paragraph B findings of Dr. Moore and incorporated a more detailed assessment of plaintiff's mental health limitations into the RFC by limiting plaintiff to occasional interaction with co-workers and no contact with the public. Tr. 26. However, the ALJ did not include in plaintiff's RFC Dr. Moore's findings regarding marked limitations in responding to authority figures, such as supervisors.

Defendant contends even if the ALJ erred by failing to incorporate a specific limitation into the RFC, that error was not harmful and is therefore not grounds for reversal. It is a "settled rule" in the Ninth Circuit that the ALJ's decision will not be reversed for errors that are inconsequential to the ultimate nondisability determination. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Here, the ALJ described plaintiff's RFC to the VE, who identified small products assembly as a job consistent with plaintiff's RFC. According to the Dictionary of Occupational Titles ("DOT"), taking instruction from supervisors is not a significant part of the small products assembly job, nor does it involve public interaction. DOT, "Assembler, Small Products II," 739.687-030, 1991 WL 680180. Defendant argues performance of the small products assembler job is feasible even by one who has marked limitations in dealing with supervisors, as such interaction is not a significant part of the job. However, no mention was made in the RFC or in any hypothetical propounded to the VE about plaintiff's marked limitations with regard to authority figures or supervisors. It does not necessarily follow that a claimant who otherwise shares plaintiff's RFC but has additional limitations in dealing with supervisors can perform the job of small products assembler, or any other job in a competitive labor market. *See Knaus v. Colvin*, No. 06: 12-cv-00425-HZ, 2013 WL 3187205 (D. Or. June 19,

7 - FINDINGS AND RECOMMENDATION

2013).

Because the ALJ failed to incorporate Dr. Moore's entire opinion, the RFC failed to reflect plaintiff's limitations.  Because the ALJ failed to include plaintiff's limitations with regard to supervision in hypotheticals to the VE, this case should be reversed and remanded for additional proceedings.  *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009)(reversing an ALJ for failing to incorporate functional limitations described by a "generally credible" witness).  The RFC should be revised and presented to the VE to determine whether there are competitive jobs for an individual with plaintiff's limitations.

*RECOMMENDATION*

For the foregoing reasons, the Commissioner's decision should be REVERSED and the case should be REMANDED for proceedings consistent with this recommendation.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due November 25, 2013.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  6th day of November, 2013.


 /s/ Patricia Sullivan
      PATRICIA SULLIVAN
United States Magistrate Judge


8 - FINDINGS AND RECOMMENDATION